Good morning, your honors. I've received your order recently of the authorities to review before we came here today, and there doesn't appear to be much hope for my client, but I would like to make one point that I'm troubled by in this case, in that the analysis done in all the cases and all the statutes analyze this statutory definition of burglary and label it a crime of violence. Where there has been absolutely no fact-finding. Criminal defendants do often plead to crimes that are definitionally at odds with the underlying facts, and that's basically what I'm troubled by in all these cases, that there has been no fact-finding. There has been no recitation of the facts. We don't know exactly what the facts were of these crimes that took place or whether they actually were a crime of violence. What the case law and what the courts have been doing in applying these laws is giving an interpretation or imputing the most rigid and the most onerous application of the facts by taking the definitional statute and imputing that it was a crime of violence. Whereas the facts in the underlying case could be very much at odds with that. We don't know what Mr. Palafox Reyes did. We don't know if when he broke into this vehicle, whether the doors were locked as stated in the statutory definition of this crime. I agree that first-degree burglary, there's abstract of judgments on file. He pled to those charges and that basically is a done deal. I'm not here to argue that the abstract of judgment was insufficient. What is troubling for me is that there has been no inquiry into the facts of this case. If a criminal defendant is pleading guilty to a crime that may result in his deportation or removal down the road, I understand the criminal defendants are apprised that this may impact their immigration status. But I don't believe that they are fully aware that a crime they are pleading guilty to may be at odds with the underlying facts that there is some leeway there. District attorneys often make deals and crimes are pled to that are at odds with the underlying facts. So without any factual inquiry, it's just disturbing that this gentleman is going to be removed from this country where he has spent his entire life, say for 20 days, never to be able to return based upon crimes that he pled guilty to that he may not have understood or may not have actually committed. So that's the main point that I wanted to make here today. Well, what was covered when he entered his guilty plea? Not that I'm aware of, Your Honor. Well, did you look for one? I did. I did not find one. Huh? I did not find one, no. Well, did you check with the courts? Find out who the court reporter was? I did not, Your Honor. I was basically going by the underlying record and the minute order in those cases. Because the usual practice when the judge takes a guilty plea is a recitation of facts. Like in the old days, how do you plead? Guilty or not guilty? Okay, you get a probation report. You can impose sentence. But since the 60s, the judges go into the underlying basis for the plea, what the facts are, make sure that either the defendant covers them or his client, his lawyer covers them, or the prosecutor covers them, and then you get the defendant's consent. And for a long time, the defendants were advised of the immigration consequences of the guilty plea. These were two separate events, correct? Correct, Your Honor. And how far apart were they? I believe they were approximately six or eight months apart from one another. And the first sentence was one year? I believe the sentence was, I'm not sure if it was a year or two years, but I believe it was two years and it was suspended and he was placed on probation. Upon the second conviction, that sentence was, the probation was vacated and he was re-sentenced. That was the point of my question. The second offense occurred when he was on probation for the first. Correct, yes, Your Honor. Okay. The first conviction was first degree burglary. You said it was breaking into a car? No, that was a breaking. That was the second. That was correct. Because first degree in California means dwelling. Breaking into a residence. Right. Residence, yes. Correct. And that has the inherent risk of vials findings. See, one of the problems, I mean, I feel sorry for your presentation in a way, because we have flat out holding that in Lopez Cardona v. Holder, which was entered last year, that a conviction for first degree burglary in violation of 459 is a crime of violence and is an aggravated felony. And under our jurisprudence, we can't vary from that ruling unless we're an in-bank court. So you're sort of in a box there. And there's no claim here that there was some due process violation, that he wasn't warned at the time of his guilty plea of any deportation consequences. So I don't see the hook upon which you can put your hat. I agree somewhat, Your Honor. My point was that, and my argument here is morphine to somewhat of a due process argument, that although he pled guilty to first degree burglary, he may have been eligible for some other type of plea bargain. And the facts, because we don't know what those facts were, may not fit the statutory definition. But we can't go back and examine that. We're not empowered to go back and examine that, right? No, I understand that, Your Honor. Well, I think Judge Hawkins put his finger on it. Okay, thank you. Thank you, Your Honor. Thank you. May it please the Court, this is Dana Camilleri for the Attorney General. Halifax asked this Court to find that he is not removable as a result of his first degree residential burglary conviction. However, as the Court just noted, that's foreclosed by precedent in Lopez-Cardona and Kwong. Because that is dispositive of the petition for removal, the government asks that you dismiss the petition for review. Right there. Do you have any questions? Thank you very much. You came all the way out from Washington, D.C.? It's a nice trip. Maybe you want to recite a poem or something? Well, is this your first appearance before this Court? No, it's not. I thought I recognized you. Okay. Thanks for coming. Thanks for coming. You're going to have some sunshine today, I hope. Do you want to say anything else? No, Your Honor. Okay. It matters to me. Thank you. All right. Then the next case, number three, Javier Tenero Plata v. Darbon Enterprises. That's submitted. And now we come to Bogosarian Productions v. 20th Century Fox Film Court. Thank you.
judges: Pregerson, Hawkins, Bea